*1263 OPINION.
Milliken:
In the computation of net income for the.year 1919, petitioner should be alkwed a deduction represented by the difference between the cost and salvage value of the machinery discarded and abandoned in that year. Such amounts should be reduced by depreciation at the rate set forth in the findings of fact.
Petitioner also claims as a deduction the cost less salvage value of a japanning and tool room, which was demolished in 1919. It has failed, however, in its proof to show the cost of the same. An official of petitioner was unable to - state the cost, and also testified that, at the date of incorporation, no separate value was determined for land and building and that the rooms demolished were a part of a large building which it had acquired at the date of incorporation. For lack of evidence, the respondent is sustained in his refusal to permit the deduction.
It is also contended that petitioner is entitled to a deduction in the year 1919 of a certain sum represented by the number of machines manufactured in that year, to be applied proportionately to the sum paid to the Todd Protectograph Co. in 1926. It is sufficient to state that in the year 1919 petitioner had not been sued by the Todd Protectograph Co. and that no payment was made to the latter until 1926, and then on the basis of a lump sum settlement, which may have represented factors other than those which the petitioner requests us to take into consideration. No liability existed in the year 1919, and no sum was paid until the year 1926. The respondent did not err in refusing to allow the deduction claimed.
Judgment will be entered on 15 days’ notice, wider Rule 50.